# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

PATRICK E. MCMILLAN,

    Plaintiff,

v.

VALOR INTELLIGENT PROCESSING, LLC,

    Defendant.

                                   /

Case No. 3:23-cv-00021

## **COMPLAINT**

Plaintiff, PATRICK E. MCMILLAN ("Plaintiff"), by and through the undersigned, complains as to the conduct of VALOR INTELLIGENT PROCESSING, LLC ("Defendant"), as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages under the Fair Debt Collection Practices Act ("FDCPA") pursuant to 15 U.S.C. § 1692, for Defendant's unlawful conduct.

### JURISDICTION AND VENUE

1

2. This action arises under and is brought pursuant to the FDCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C. § 1692, as well as 28 U.S.C. §§ 1331 and 1337, as the action arises under the laws of the United States.

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 as Defendant conducts business, and a substantial portion of the events or omissions giving rise to the claims occurred, within the Middle District of Florida.

### PARTIES

4. Plaintiff is a natural person over 18 years-of-age residing in Neptune City, NJ.

5. Defendant is a third-party "debt collector"[1] collecting or attempting to collect, directly or indirectly, defaulted consumer debts owed or due, or asserted to be owed or due, to others and from consumers across the country, including those in the state of New Jersey. Defendant is a limited liability company organized and existing under the laws of the state of Florida with its principal place of business is located at 301 W Bay Street, Floor 21, Jacksonville, Florida 32202.

6. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers at all times relevant to the instant action.

### FACTS SUPPORTING CAUSE OF ACTION

---

[1] https://www.valorvip.com/about/

7. The instant action arises out of Defendant's attempts to collect upon a purported defaulted debt that Plaintiff did not owe in connection with a Verizon Wireless Services, LLC ("Verizon") obligation ("subject consumer debt").

8. Prior to the actions giving rise to the claims herein, Plaintiff obtained a Verizon account, eventually resulting in the subject consumer debt, which was used for personal, family, and household purposes.

9. Due to financial hardships outside of his control, Plaintiff became delinquent on the subject consumer debt.

10. On or about April 1, 2022, Plaintiff and Verizon entered into a settlement agreement whereby Plaintiff paid off the subject consumer debt in full. Also on April 1, 2022, Plaintiff received an email confirmation explaining that the subject consumer debt had been paid in full.

11. Upon information and belief, after the subject consumer debt was paid in full and satisfied, Verizon incorrectly placed it with Defendant for collection purposes.

12. On or about September 29, 2022, Defendant sent a collection letter to Plaintiff seeking to collect upon the subject consumer debt, which he did not owe.

13. Defendant's collection efforts were designed to harass Plaintiff and squeeze sums of money from a consumer who had already satisfied his obligation in regards to the subject consumer debt.

14. Frustrated over Defendant's conduct, Plaintiff spoke with the undersigned regarding his rights, exhausting time, resources, and expenses.

15. Plaintiff has been unfairly and unnecessarily harassed by Defendant's actions.

16. Plaintiff has suffered concrete harm as a result of Defendant's actions, including but not limited to, invasion of privacy, aggravation that accompanies unwanted collection telephone calls, emotional distress, denial of his benefit of bargain, increased blood pressure, and numerous violations of Plaintiff's federally-protected interests to be free from harassing and abusive debt collection conduct.

**COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**

17. Plaintiff restates and realleges paragraphs 1 through 16 as though fully set forth herein.

18. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

19. Defendant is a "debt collector" as defined by § 1692a(6) of the FDCPA as its regularly uses the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

20. Defendant identifies itself as a debt collector and is engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed or due, or asserted to be owed or due, to others.

21. The subject consumer debt is a "debt" as defined by FDCPA § 1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

### a. Violations of FDCPA § 1692d

22. The FDCPA, pursuant to 15 U.S.C. § 1692d, prohibits a debt collector from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt."

23. Defendant violated § 1692d by attempting to collect a debt from Plaintiff which he did not owe, which is inherently conduct causing such non-debtor to feel harassed and oppressed as they were incorrectly roped into Defendant's collection campaign.

### b. Violations of FDCPA § 1692e

32. The FDCPA, pursuant to 15 U.S.C. § 1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

33. In addition, this section enumerates specific violations, such as:

> "The false representation of . . . the character, amount, or legal status of any debt . . ." 15 U.S.C. § 1692e(2)(A).

> "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. § 1692e(10).

34. Defendant violated §§ 1692e, 1692e(2)(A), and 1692e(10) through its misleading and deceptive attempts to collect a debt from Plaintiff which he does not owe.

### c. Violations of FDCPA § 1692f

35. The FDCPA, pursuant to 15 U.S.C. § 1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

36. Defendant violated § 1692f when it unfairly and unconscionably sought payment from Plaintiff for a debt that Plaintiff did not owe.

WHEREFORE, Plaintiff, PATRICK E. MCMILLAN, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

c. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3);

e. Enjoining Defendant from further contacting Plaintiff seeking payment of the subject debt; and

f. Awarding Plaintiff any other relief as this Honorable Court deems equitable and just.

**Plaintiff demands trial by jury.**

Dated: January 6, 2023                                  Respectfully Submitted,

*/s/ Franklin A. Jara*
Franklin A. Jara, Esq.
Florida Bar No. 636681
*Counsel for Plaintiff*
Sulaiman Law Group, Ltd
2500 South Highland Avenue
Suite 200
Lombard, IL 60148
Telephone: (331) 272-8010
fjara@sulaimanlaw.com